UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | |
|---|---|
| Milton L. Bickham, | Case No. 3:19-cv-10 |
| Plaintiff | |
| v. | MEMORANDUM OPINION AND ORDER |
| Commissioner of Social Security, | |
| Defendant | |

Before me is the Report and Recommendation ("R & R") of Magistrate Judge Kathleen B. Burke. (Doc. No. 21). Judge Burke recommends I affirm the final decision of Defendant Commissioner of Social Security denying *pro se* Plaintiff Milton L. Bickham's application for social security benefits. (*Id.*). Bickham filed objections to the R & R, (Doc. No. 22), and the Commissioner filed a response. (Doc. No. 23).

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A general objection that does not "address specific concerns with the magistrate's report" will not suffice. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added). Allowing such general objections would frustrate the purpose of Magistrate Judges Act and "be an inefficient use of judicial resources." *Howard*, 932 F.3d at 509.

When reviewing those non-general objections, the district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

In this case, Bickham appealed the ALJ's decision on grounds of res judicata. First, Bickham contends the Social Security Administration employee processing his 2017 application for benefits improperly opened a new claim rather than reopening his first claim, which found him to be disabled and eligible for benefits from January 2013 through November 2016. Second, Bickham argues the ALJ reviewing the second claim should have adopted the 2013 finding of disability rather than considering new evidence to determine if there had been changed circumstances before denying the 2017 application.

Judge Burke rejected both of these arguments, finding re-opening of the previous claim was not necessary and the ALJ's consideration of new evidence was proper. (Doc. No. 21). Bickham objected to the R & R, essentially reiterating the same arguments presented to Judge Burke.

After reviewing the ALJ's decision, I agree with Judge Burke. The Social Security Administration was not required to reopen the previous claim and the ALJ properly considered new medical records for the relevant period of disability to determine whether there were changed circumstances from the time Bickham was originally found to be disabled in 2013. (Doc. No. 13 at 35-49). Therefore, Bickham's objections to the R & R based upon these alleged errors must be

2

overruled. (Doc. No. 22). In turn, I find Judge Burke's analysis to be complete and well-reasoned and adopt the R & R, in full, as the order of this court. (Doc. No. 21).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge